## JAMES TAYLOR v. STATE.

No. A-3234.   Opinion Filed Jan. 19, 1920.

(186 Pac. 243.)

(Syllabus.)

1. **HOMICIDE—Evidence of Threats by Deceased.** When the undisputed facts clearly show that a defendant committed an unwarranted and unprovoked assault and took the life of deceased without any overt or unlawful demonstration of hostility upon the part of deceased, it is not error for the trial court to exclude evidence of previous threats made by deceased against defendant.

2. **HOMICIDE—Conviction—Sufficiency of Evidence.** The entire evidence in this case carefully considered, and found that, if all the evidence as the facts surrounding the commission of the homicide charged be eliminated other than the testimony of the defendant, there remains evidence sufficient to fully warrant the verdict found and the judgment thereon rendered.

*Appeal from District Court, Oklahoma County; Edward D. Oldfield, Judge.*

James Taylor was convicted of murder, and appeals. Affirmed.

*Pruiett, Sniggs, Burns & Patterson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Jim Taylor, hereinafter referred to as defendant, was informed against for the murder of John Williams, convicted, and sentenced to imprisonment in the penitentiary for the term of his natural life.   To reverse the judgment rendered on the verdict, he prosecutes this appeal.

The material undenied evidence is that on Monday, May 14, 1917, at the Terminal Station in the city of Oklahoma, a crowded stockyard car was standing, in which was seated by the side of another colored man   the deceased. The defendant entered the car and stood near the door, and afterwards made his way through the crowded aisle of the car to the rear of where the deceased was seated, placed his hands upon his shoulders, and when he attempted to get up, and before he had fully done so, stabbed   the deceased in the back with a knife.   The deceased almost immediately fell upon the floor of the car, and from the effects of the wound died.   The moving cause of said homicide, as testified to by the defendant, was that on the Saturday night previous the deceased had loaned to another negro a pistol with which to kill the defendant; that the defendant was therefore mad at him and was afraid that he might do him some injury, as he did not know what he had in a small package that was in his hand.   There was no evidence that just prior to or at the time the fatal blow was struck deceased committed any overt act or made any hostile demonstrations toward the defendant, or that the deceased was

armed. In short, there was no evidence of any element of self-defense in the case.

The defendant offered evidence tending to show that previous to the homicide the deceased had threatened to kill him, which threats were not communicated to him prior to the homicide. The court sustained an objection to the admission of the said offered evidence, and defendant excepted. The defendant timely moved for a new trial, which motion was overruled and exception saved.

The errors argued and insisted upon in defendant's brief are:

"(1) The verdict is contrary to the law and evidence.
"(2) The motion for a new trial should have been granted."

The argument in support of said first error claimed is not that the evidence is not sufficient to support a conviction of homicide, but that the verdict and judgment rendered thereon is excessive. It is not contended that the defendant was entitled to a verdict because he acted in self-defense. We are of the opinion that, if all the evidence except the evidence of the defendant be eliminated, his evidence alone is sufficient to fully support the conviction had, as his evidence conclusively shows that he acted in revenge of a nursed wrong done him by the deceased in loaning to another negro, a pistol to kill him, and that he premeditatedly killed the deceased when he was sitting down, unarmed and in no wise making any demonstration toward the defendant as could possibly be conceived by the defendant as intending to do defendant any great bodily harm, or that the deceased so acted, viewing the situation as it appeared to the defendant at the time of the homicide, as to warrant him

to take the life of the deceased in self-defense. When to the evidence of the defendant is added the overwhelming evidence of the state, we are of the opinion that the verdict and judgment rendered thereon are not excessive, but that the evidence was sufficient to sustain a capital conviction.

The argument of counsel for defendant "that the verdict is excessive" is an indirect admission excluding any claim that the defendant acted in self-defense. If he acted in self-defense, the verdict was not excessive, but erroneous.

It is further urged by defendant that the court committed reversible error in excluding evidence offered. The evidence pointed out as being erroneously excluded was offered evidence that the deceased prior to the homicide threatened the life of the defendant, which threat was not known to the defendant at the time he killed the deceased. With this contention we cannot agree. Where, as in the instant case, the evidence shows that the defendant was the aggressor, and by his unlawful acts occasioned the homicide without hostile conduct of any character upon the part of deceased, it is not error for the trial court to refuse to admit evidence of previous threats by the deceased. *Morris v. Territory*, 1 Okla. Cr. 617, 99 Pac. 760, 101 Pac. 111; *Reed v. State*, 2 Okla. Cr. 589, 103 Pac. 1042; *White v. State*, 4 Okla. Cr. 143, 111 Pac. 1010; *Smith v. State*, 14 Okla. Cr. 250, 174 Pac. 1107.

Even though previous to the homicide the deceased had threatened the life of the defendant, and such threats were communicated to him, these threats would not authorize the defendant to take the life of the deceased under the theory that he acted in self-defense, unless there was just prior to the homicide some overt act or hostile dem-

onstration on the part of deceased towards the defendant tending to show an intention, viewed from the standpoint of defendant, to carry such threats into execution. *Smith v. State, supra.*

The court did not err in excluding the offered evidence. We are of the opinion that the court did not err in over·ruling the motion for a new trial.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.